UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LADY DAN'DI'LE'ON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>All Public and Private Entities,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-02548-JNW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

　　　Plaintiff Lady Dan'Di'Le'on, proceeding pro se, filed a complaint and moved for a temporary restraining order. Dkt. Nos. 1, 2. The Court must construe pro se filings liberally, but even under that standard, Plaintiff's motion is DENIED.

　　　Plaintiff identifies herself as "Sovereign Flame of Caeluma Terrae Dandilia, Living Woman, Executor and Beneficiary of the Seven Stars Private Trust, grounded in Divine, Natural, and Codex Law." Dkt. No. 2. She names as defendants "All Public and Private Entities" and seeks relief against "all subsidiaries, contractors, agents, officers, successors, and unknown actors operating under color of law," and "any party asserting control, jurisdiction, or interference without lawful authority." *Id.* As legal authority, Plaintiff cites "natural law, divine law, codex of

ORDER - 1

termination and sacred return, plaintiff's sui juris standing, federal protections under 42 U.S.C. §§ 1983, 1985, 2000d, the Court's inherent power to issue injunctive relief." *Id.* at 3.

The motion fails for multiple reasons. First, Plaintiff hasn't identified any specific defendants. Federal courts lack jurisdiction to issue orders against "all public and private entities" or other unnamed, unidentified parties. A plaintiff must name specific defendants who can be served with process and bound by the Court's orders. Without identifiable defendants, there is no case or controversy within the meaning of Article III.

Next, the TRO motion's reliance on "Natural Law, Divine Law, Codex of Termination & Sacred Return" reflects arguments associated with the sovereign citizens movement. Similar claims based on a purported right to self-govern and sovereign-citizen ideologies are routinely dismissed as frivolous by federal courts. *See United States v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting contentions based on sovereign-citizen arguments are "frivolous" and subject to summary dismissal) (collecting cases). These theories do not provide a basis for relief in federal court.

Third, even setting aside the sovereign-citizen arguments, the motion fails to satisfy the requirements for a TRO. Federal Rule of Civil Procedure 65(b) governs the issuance of TROs. To obtain one, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Plaintiff has not a made a clear showing on any of these factors. The motion takes the Court down a confusing path of allegations and alleged conspiracies. It is wholly unclear what the actual source of controversy is in this case. This confusion is not helped by the fact that Plaintiff's allegations are against "all public and private entities." There is no cause of action or explanation of which parties committed which allegedly harmful acts.

Accordingly, Plaintiff's motion for a temporary restraining order, Dkt. No. 2, is DENIED.

Dated this 16th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3